# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DAREK D. WINDSOR, | ) |
|       Petitioner, | ) ) ) |
| vs. | ) ) Case No. 12-CV-105-JHP-TLW |
| ROBERT PATTON, Director,[1] | ) ) ) |
|       Respondent. | ) ) |

## OPINION AND ORDER

Before the Court is the 28 U.S.C. § 2254 petition for writ of habeas corpus (Dkt. # 1), filed by Petitioner, a state inmate. When he filed his petition, Petitioner appeared pro se. Respondent filed a response to the petition (Dkt. # 8), and provided the state court records necessary for adjudication of Petitioner's claims (Dkt. ## 8, 9). After Respondent filed his response, attorney Carla Stinnett entered her appearance for Petitioner and filed a reply (Dkt. # 11). For the reasons discussed below, the Court concludes the petition shall be denied.

### *BACKGROUND*

The record demonstrates that, on July 8, 2008, while working at the Dewey Smith Horse Ranch in Washington County, Oklahoma, Petitioner Darek Dustin Windsor attempted to cut the

---

[1] Petitioner is presently in custody at Cimarron Correctional Facility, a private prison located in Cushing, Oklahoma. Therefore, the proper respondent is Robert Patton, Director of the Oklahoma Department of Corrections. For that reason, Robert Patton, Director, is substituted as party respondent in place of Justin Jones, Director. The Clerk of Court shall note the substitution on the record.

throat of his co-worker, seventeen-year-old A.T. When A.T. attempted to escape, Petitioner stabbed him in the shoulder. A.T. received treatment for his injuries at the local hospital and survived.

On July 25, 2008, Petitioner was charged by Information, filed in Washington County District Court, Case No. CF-2008-306, with Assault and Battery With a Deadly Weapon. (Dkt. # 9-5, O.R. Vol. I at 1). On January 12, 2009, Petitioner entered a blind plea of nolo contendere. (Id. at 44). Petitioner was formally sentenced on March 9, 2009, to fifty (50) years imprisonment with the first forty (40) years in custody and the last ten (10) years suspended. (Id. at 63). During entry of the plea and at sentencing, Petitioner was represented by attorney Mark Kane. (Id. at 44, 63).

On March 12, 2009, Petitioner, represented by attorney Kane, filed a motion to withdraw his plea. (Id. at 79). Thereafter, represented by attorney Kathy Fry, Petitioner filed two (2) supplements to the motion to withdraw plea. Id. at 87, 89. The trial judge conducted a hearing on the motion on July 22, 2009. (Dkt. # 9-4). Attorney Fry represented Petitioner at the hearing. Petitioner testified that, when he entered his plea of nolo contendere and contrary to what he told the judge at the time, he had been prescribed anti-seizure medications that he was not taking. Id. at 5-8. At the conclusion of the hearing, the trial judge denied the motion to withdraw plea. Id. at 40.

Petitioner filed a petition for writ of certiorari at the Oklahoma Court of Criminal Appeals (OCCA). Represented by attorney Thomas Purcell, Petitioner raised two (2) propositions of error, as follows:

> Proposition 1: The trial court erred in accepting Mr. Windsor's guilty plea without making the appropriate interrogation regarding Mr. Windsor's mental state.

> Proposition 2: Mr. Windsor's punishment is excessive and should be modified by this court.

(Dkt. # 8-1). On March 29, 2010, in an unpublished summary opinion, filed in Case No. C-2009-680 (Dkt. # 8-2), the OCCA denied the petition.

2

On July 22, 2010, Petitioner filed a pro se application for post-conviction relief (Dkt. # 8-3). In his application, Petitioner raised the following four claims: (1) his "[s]entence was so excessive as to shock the concience [sic]," (2) he "should have gotten to withdraw [his] plea," (3) "Mark Kane, the court appointed attorney, filled out all the paperwork, simply saying 'sign here,'" and (4) "I'm related to sentencing judge." Id. The requested relief was denied on March 21, 2011 (Dkt. # 8-4). Petitioner did not file a post-conviction appeal from the denial of his first application for post-conviction relief.

On August 16, 2011, Petitioner filed a second application for post-conviction relief (Dkt. # 8-5), alleging that the state statute under which he was convicted, Okla. Stat. tit. 21, § 652(c), is unconstitutionally vague. By order filed August 22, 2011, the state district judge denied the second application for post-conviction relief (Dkt. # 8-6). Petitioner attempted to perfect a post-conviction appeal. However, by order signed October 5, 2011, the OCCA declined jurisdiction and dismissed the appeal because Petitioner failed to file his petition in error within thirty (30) days of the district court's final order, as required under Rule 5.2(C), Rules of the Oklahoma Court of Criminal Appeals. (Dkt. # 8-7).

On November 17, 2011, Petitioner filed a third application for post-conviction relief requesting a post-conviction appeal out of time (Dkt. # 8-8). On November 28, 2011, the state district judge denied the request for a post-conviction appeal out of time (Dkt. # 8-9). Petitioner appealed. By Order filed February 8, 2012 (Dkt. # 8-10), the OCCA found that the record failed to establish that Petitioner was denied a post-conviction appeal through no fault of his own. For that reason, the OCCA denied Petitioner's request for a post-conviction appeal out of time. Id.

Petitioner filed his federal habeas corpus petition on February 29, 2012 (Dkt. # 1). In his petition, Petitioner identifies three (3) grounds for relief, as follows:

> Ground 1: The statute under which petitioner was charged is unconstitutional because it do [sic] not define what constitute [sic] a deadly weapon, the difference between a deadly and dangerous weapon, and allows the prosecutor to selectively and vindictively discriminate against citizens in deciding who shall be punished with an 85% crime versus the lesser included dangerous weapon charge which is not 85%, in violation of the 1st and 14th Amendments of the United States Constitution.
>
> Ground 2: Petitioner did not procedurally default his appeal in reference to issue under ground no. 1 in state court and his right to appeal should be allowed in this court.
>
> Ground 3: The trial court erred in accepting Petitioner's plea without making the appropriate interrogation regarding his mental state.

(Dkt. # 1). In response to the petition, Respondent asserts that Petitioner is not entitled to habeas corpus relief under 28 U.S.C. § 2254(d) as to ground 3, and that grounds 1 and 2 are procedurally barred. (Dkt. # 8).

## *ANALYSIS*

### A. Exhaustion/Evidentiary Hearing

As a preliminary matter, the Court must determine whether Petitioner meets the exhaustion requirements of 28 U.S.C. § 2254(b), (c). See Rose v. Lundy, 455 U.S. 509, 510 (1982). Petitioner fairly presented the substance of grounds 1, 2, and 3 to the OCCA on certiorari and post-conviction

appeal. Therefore, as to the claims raised in the petition, the exhaustion requirement of 28 U.S.C. § 2254(b) is satisfied.[2]

In addition, the Court finds that Petitioner is not entitled to an evidentiary hearing. See Williams v. Taylor, 529 U.S. 420 (2000).

**B.      Claim adjudicated by the OCCA**

The Antiterrorism and Effective Death Penalty Act (AEDPA) provides the standard to be applied by federal courts reviewing constitutional claims brought by prisoners challenging state convictions. Under the AEDPA, when a state court has adjudicated a claim, a petitioner may obtain federal habeas relief only if the state decision "was contrary to, or involved an unreasonable application of clearly established Federal law, as determined by the Supreme Court of the United States" or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." See 28 U.S.C. § 2254(d); Williams v. Taylor, 529 U.S. 362, 402 (2000); Neill v. Gibson, 278 F.3d 1044, 1050-51 (10th Cir. 2001). When a state court applies the correct federal law to deny relief, a federal habeas court may consider only whether the

---

[2]     In reply to Respondent's response, counsel for Petitioner argues for the first time that advice received from counsel prior to and during entry of the blind plea constituted ineffective assistance of counsel in violation of the Sixth Amendment and rendered Petitioner's plea of nolo contendere unknowing and involuntary. See Dkt. # 11 at 1-6. That claim, raised for the first time in the reply, is not properly before the Court and will not be considered. Loggins v. Hannigan, 45 F. App'x 846, 849 (10th Cir. 2002) (unpublished); see Cacoperdo v. Demosthenes, 37 F.3d 504, 507 (9th Cir. 1994) ("A [reply] is not the proper pleading to raise additional grounds for relief. In order for the State to be properly advised of additional claims, they should be presented in an amended petition or, as ordered in this case, in a statement of additional grounds. Then the State can answer and the action can proceed."). Furthermore, the claim of ineffective assistance of counsel raised in the reply has never been presented to the OCCA and is unexhausted. However, in light of the procedural posture of this case, the claim is subject to an anticipatory procedural bar. Cummings v. Sirmons, 506 F.3d 1211, 1223 (10th Cir. 2007).

state court applied the federal law in an objectively reasonable manner. See Bell v. Cone, 535 U.S. 685, 699 (2002); Hooper v. Mullin, 314 F.3d 1162, 1169 (10th Cir. 2002). Furthermore, the "determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1). In denying the petition for certiorari, the OCCA adjudicated the issue raised in ground 3 of the habeas petition. Thus, this Court shall review that ground under § 2254(d).

As his third ground of error, Petitioner claims that the trial court erred in accepting his plea without making the "appropriate interrogation regarding his mental state." (Dkt. # 1 at 18). Petitioner argues that he "did not understand the legal consequences of pleading no contest or guilty." Id. He also complains that the trial court failed to ascertain whether he understood the factual basis for the crime or whether he understood the "essential elements" of the crime. Id. In rejecting this claim on certiorari appeal, the OCCA ruled as follows:

> [W]e find that the trial court made sufficient and appropriate inquiry regarding Petitioner's ability to understand the nature and consequences of the plea proceeding, given the information provided by Petitioner himself in the Summary of Facts form, and personally to the court during the plea colloquy. The fact that Petitioner later claimed some of that information was inaccurate does not mean the trial court failed in its duty. Our own review of the record does not raise doubts about petitioner's competency to enter a no-contest plea. The trial court did not abuse its discretion here.

(Dkt. # 8-2 at 2 (footnote and citation omitted)).

In Boykin v. Alabama, 395 U.S. 238 (1969), the Supreme Court held that a guilty plea must be entered into "knowingly and voluntarily." To enter a plea that is knowing and voluntary, the defendant must have a full understanding of what the plea connotes and of its consequence. See United States v. Hurlich, 293 F.3d 1223, 1230 (10th Cir. 2002) (citations and internal quotation

6

marks omitted).  A plea is not voluntary unless the defendant knows the direct consequences of his decision, including the maximum penalty to which he will be exposed.  Worthen v. Meachum, 842 F.2d 1179, 1182 (10th Cir. 1988) (stating that critical inquiry is whether defendant knows of maximum possible sentence), overruled on other grounds by Coleman v. Thompson, 501 U.S. 722 (1991).  Furthermore, it is not necessary that the record reflect a detailed enumeration and waiver of rights as a result of the guilty plea; rather the issue is simply whether the record affirmatively shows that the guilty plea was intelligent and voluntary.  Stinson v. Turner, 473 F.2d 913 (10th Cir. 1973).  "Whether a plea is voluntary is a question of federal law, but this legal conclusion rests on factual findings and inferences from those findings."  Fields v. Gibson, 277 F.3d 1203, 1212 (10th Cir. 2002) (citing Boykin).  The "determination of a factual issue made by a State court shall be presumed to be correct.  The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence."  28 U.S.C. § 2254(e)(1).

In this case, the record reflects that Petitioner's plea of nolo contendere was knowing, intelligent, and voluntary.  The "Plea of Guilty Summary of Facts" form, signed under penalty of perjury by Petitioner, see Dkt. # 9-5, O.R. Vol. I at 64-74, reflects that the trial judge had no reason to doubt Petitioner's ability to understand the proceeding.  Petitioner informed the judge that he had been prescribed paxil and lithium in approximately 1996 while in high school, but that he was not currently taking any medication.  Id. at 65 ¶ 8.  He also affirmatively acknowledged that he understood the proceedings, id. at ¶ 9, and denied being forced, abused, mistreated or promised anything prior to entry of the plea, id. at 68 ¶ 29.  He stated that he entered the plea of his own free will, without any coercion or compulsion of any kind, id. at ¶ 30.  Petitioner summarized the factual basis for his plea, writing "see record of transcript" and further explaining that "[m]y intention at

7

the time was to play a dirty trick or prank on the young man. It went terribly wrong and I accept the consequences of what my actions caused. I was intoxicated by vodka at the time." Id. at ¶ 28.

The transcript from the change of plea hearing also confirms that, as determined by the OCCA, there was no abuse of discretion by the trial court in accepting Petitioner's plea. See Dkt. # 9-2. Petitioner testified at the hearing that he understood what he was doing, id. at 2, and that he was pleading no contest of his own free will, id. at 6. The transcript also reflects that, as referenced on the "Plea of Guilty Summary of Facts" form, the prosecutor provided a summary of the facts giving rise to the charge of Assault and Battery With a Deadly Weapon, id. at 4-5. At least twice, the trial judge told Petitioner that if convicted, he faced a sentence of up to life imprisonment and up to a $10,000 fine, and that it was an 85% crime. Id. at 2, 3. The trial judge then ruled, as follows:

> For the record, show that he was sworn and responded to questions under oath. He understands the nature, purpose, and consequence of this proceeding. His plea of no contest is knowingly and voluntarily entered and accepted. He's competent for the purpose of this hearing. A factual basis exists for his pleas. There's [sic] no priors. I'll pass sentencing to get the PSI done.

Id. at 7. The trial judge's findings are also reflected on the "Plea of Guilty Summary of Facts" form signed by Petitioner. (Dkt. # 9-5, O.R. Vol. I at 70 ¶ 36).

The state district judge's determinations, that Petitioner's no contest plea was made knowingly and voluntarily, and that Petitioner was competent to enter the plea, are entitled to a presumption of correctness. See 28 U.S.C. § 2254(e)(1). Petitioner has failed to rebut that presumption with clear and convincing evidence. Id.

For the reasons cited above, the Court concludes that the OCCA's decision rejecting Petitioner's claim that the trial court erred in accepting Petitioner's plea of nolo contendere was

8

neither contrary to, nor an unreasonable application of federal law as determined by the Supreme Court. 28 U.S.C. § 2254(d). Petitioner is not entitled to habeas corpus relief on ground 3.

**C. Procedural bar**

The doctrine of procedural bar prohibits a federal court from considering a specific habeas claim where the state's highest court declined to reach the merits of that claim on independent and adequate state procedural grounds, unless a petitioner "demonstrate[s] cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate[s] that failure to consider the claim[] will result in a fundamental miscarriage of justice." Coleman, 501 U.S. at 724; see also Maes v. Thomas, 46 F.3d 979, 985 (10th Cir. 1995); Gilbert v. Scott, 941 F.2d 1065, 1067-68 (10th Cir. 1991). "A state court finding of procedural default is independent if it is separate and distinct from federal law." Maes, 46 F.3d at 985. A finding of procedural default is an adequate state ground if it has been applied to "similar" claims evenhandedly "in the vast majority of cases." Id. at 986 (internal quotation omitted).

Petitioner first presented his ground 1 claim to the OCCA in his post-conviction appeal from the state district court's denial of his second application for post-conviction relief. However, the OCCA determined that Petitioner filed his petition in error one (1) day late and, for that reason, declined jurisdiction and dismissed the appeal based on Petitioner's failure to comply with Rule 5.2(C)(2), Rules of the Oklahoma Court of Criminal Appeals (requiring a petitioner to file the petition in error within thirty (30) days from the filing date of the district court's final post-

conviction order).³ The OCCA's ruling, based on Petitioner's failure to comply with the provisions of Rule 5.2(C), constitutes an independent and adequate state procedural bar to review a claim in a federal habeas corpus proceeding. Hyatt v. Rudek, 511 F. App'x 723, 726 (10th Cir. 2013) (unpublished)⁴ (stating that Rule 5.2(C) constitutes an independent and adequate state procedural bar to review a claim in federal habeas (citing Duvall v. Reynolds, 139 F.3d 768 (10th Cir. 1998))); see also Johnson v. Champion, 288 F.3d 1215, 1226-27 n.3 (10th Cir. 2002).

Habeas review of ground 1 is precluded, therefore, unless Petitioner "can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." Coleman, 501 U.S. at 750. The Court finds that Petitioner's ground 2 habeas claim, that his ground 1 claim should not be procedurally barred because he was denied a post-conviction appeal through no fault of his own, serves as Petitioner's argument for cause to overcome the procedural bar applicable to ground 1. The record demonstrates that, in his third application for post-conviction relief, Petitioner sought a post-conviction appeal out of time. See Dkt. # 8-8. He argued, as he does in ground 2 of his

---

³ The Court notes that Petitioner also defaulted ground 1 when he failed to raise the claim in his first application for post-conviction relief. See Okla. Stat. tit. 22, § 1086 ("All grounds for relief available to an applicant under this act must be raised in his original, supplemental or amended application. Any ground finally adjudicated or not so raised . . . may not be the basis for a subsequent application, unless the court finds a ground for relief asserted which for sufficient reason was not asserted or was inadequately raised in the prior application."). The OCCA routinely applies § 1086 to bar claims that could have been but were not raised in a prior application. Shaffer v. Boone, 3 F. App'x 675, 685 (10th Cir. 2001) (unpublished). Thus, even if Petitioner had timely filed his post-conviction appeal from the denial of his second application for post-conviction relief, the OCCA would have imposed a procedural bar based on § 1086. That procedural bar would have been independent and adequate to preclude habeas corpus relief. Ellis v. Hargett, 302 F.3d 1182, 1186 (10th Cir. 2002).

⁴ This and other unpublished opinions herein are not precedential but are cited for their persuasive value. See Fed. R. App. P. 32.1; 10th Cir. R. 32.1.

10

habeas petition, that he was denied a post-conviction appeal through no fault of his own because he handed his legal documents for the post-conviction appeal to his case manager on September 15, 2011, for timely mailing to the OCCA. See id. at 4. In adjudicating Petitioner's request for a post-conviction appeal out of time, the OCCA denied the requested relief, after making a finding of fact that "Petitioner's application to this Court and the record fail to establish Petitioner was denied a post-conviction appeal through no fault of his own." (Dkt. # 8-10).

Pursuant to 28 U.S.C. § 2254(e)(1), the "determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." In this case, Petitioner provides no evidence to rebut the OCCA's factual finding. After reviewing the record, the Court finds Petitioner has not provided clear and convincing evidence to overcome the presumption of correctness afforded the OCCA's conclusion that he failed to demonstrate that he was denied a post-conviction appeal through no fault of his own. Therefore, Petitioner's ground 2 claim cannot serve as "cause" to overcome the procedural bar applicable to his ground 1 claim.

The fundamental miscarriage of justice exception to the doctrine of procedural bar is applicable only when a petitioner asserts a claim of actual innocence. Herrera v. Collins, 506 U.S. 390, 403-404 (1993); Sawyer v. Whitley, 505 U.S. 333, 339-41 (1992); see also Schlup v. Delo, 513 U.S. 298 (1995). To meet this test, a criminal defendant must make a colorable showing of factual innocence. Beavers v. Saffle, 216 F.3d 918, 923 (10th Cir. 2000) (citing Herrera, 506 U.S. at 404). Under Schlup, a showing of innocence sufficient to allow consideration of procedurally barred claims must be "so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error . . . ." Schlup, 513

U.S. at 316. Petitioner has the burden of persuading this Court "that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." Id. at 329. "The exception is intended for those rare situations 'where the State has convicted the wrong person of the crime.... [Or where] it is evident that the law has made a mistake.'" Klein v. Neal, 45 F.3d 1395, 1400 (10th Cir. 1995) (citation omitted). Petitioner does not claim that he is innocent of Assault and Battery With a Deadly Weapon. The fundamental miscarriage of justice exception is inapplicable in this case.

Accordingly, because Petitioner has not demonstrated "cause" based on his ground 2 claim of being denied a post-conviction appeal through no fault of his own, or that a "fundamental miscarriage of justice" will result if his ground 1 claim is not considered, the Court concludes that it is procedurally barred from considering the merits of Petitioner's ground 1 claim. Coleman, 510 U.S. at 724. Habeas corpus relief on ground 1 and the related claim in ground 2 shall be denied.

## D. Certificate of appealability

Rule 11, Rules Governing Section 2254 Cases in the United States District Courts, instructs that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Pursuant to 28 U.S.C. § 2253, the court may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right," and the court "indicates which specific issue or issues satisfy [that] showing." A petitioner can satisfy that standard by demonstrating that the issues raised are debatable among jurists, that a court could resolve the issues differently, or that the questions deserve further proceedings. Slack v. McDaniel, 529 U.S. 473, 483-84 (2000) (citing Barefoot v. Estelle, 463 U.S. 880, 893 (1983)). In addition, when the Court's ruling is based on procedural grounds, Petitioner must demonstrate

that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack, 529 U.S. at 484.

In this case, the Court concludes that a certificate of appealability should not issue. Nothing suggests that the Tenth Circuit would find that this Court's application of AEDPA standards to the decision by the OCCA is debatable among jurists of reason. See Dockins v. Hines, 374 F.3d 935, 938 (10th Cir. 2004). As to those claims denied on a procedural basis, Petitioner has failed to satisfy the second prong of the required showing, i.e., that the Court's ruling resulting in the denial of the petition on procedural grounds is debatable or incorrect. The record is devoid of any authority suggesting that the Tenth Circuit Court of Appeals would resolve the issues in this case differently. A certificate of appealability shall be denied.

**ACCORDINGLY, IT IS HEREBY ORDERED** that:

1. The Clerk of Court shall note the **substitution** of Robert Patton, Director, as party respondent in place of Justin Jones, Director.
2. The petition for a writ of habeas corpus (Dkt. # 1) is **denied**.
3. A certificate of appealability is **denied**.
4. A separate Judgment shall be entered in this case.

DATED this 15th day of January, 2015.

James H. Payne
United States District Judge
Northern District of Oklahoma